Thomas B. HUDGINS, et al., Plaintiffs,

v.

INTERNAL REVENUE
SERVICE, Defendant.

Civ. A No. 84–3830.

United States District Court,
District of Columbia.

Aug. 6, 1985.

Edward J. Snyder, Atty. Tax Division, U.S. Dept. of Justice, Washington, D.C., for defendant.

Thomas B. Hudgins, pro se.

Billie E. Billman, Balboa, Republic of Panama, for plaintiffs.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

The plaintiffs have brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking to compel the Internal Revenue Service (IRS) to release to them certain "documents and records" purportedly within the IRS's possession and control. The case is presently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), on the grounds that plaintiffs have failed to exhaust their administrative remedies. Upon consideration of defendant's motion, and the plaintiffs' opposition thereto, this Court concludes that the defendant's motion must be denied, but that this action shall be dismissed *sua sponte* for failure to state a claim.

### Discussion

On October 17, 1984 the IRS National Office received a letter from plaintiff Hudgins requesting, under FOIA the "documents" describing: 1) the purpose for which an individual's social security number, required to be disclosed on federal tax returns, is used in terms of rights, benefits and privileges related to the Social Security Program, 2) the effects, in terms of rights, benefits and privileges under the Social Security Program, of failing to provide the social security number, and 3) whether a social security number is required on a federal tax return to obtain a benefit under the Social Security Program. (Complaint, Exhibit 1; Declaration of P.A. Fauconnet, Chief of the Public Services Branch, Disclosure and Security Division of the IRS [hereinafter Fauconnet Declaration], at ¶ 2.) On October 11, 1984 the IRS received a letter from plaintiff Billman similar to that received from plaintiff Hudgins, but requesting such documents under FOIA related to "federal programs" as opposed to the Social Security Program specifically. (Declaration of H.A. Williamson, Jr., Public Services Branch, Disclosure and Security Division of the IRS [hereinafter Williamson Declaration], at ¶ 2 & Exhibit B.)

The IRS responded to plaintiff Hudgins' letter on October 26, 1984, nine days after receipt, informing the plaintiff that he had failed to identify the requested records in sufficient detail to permit a search. (Complaint, Exhibit B; Fauconnet Declaration, at ¶ 3.) Plaintiff Billman's request was responded to five days after receipt, in a letter dated October 16, 1984, informing plaintiff that the information he requested could be found in the Internal Revenue Code. (Williamson Declaration, Exhibit B.)

After the responses from the IRS the plaintiffs did not file anything further with the IRS, but instead initiated this action. The defendants maintain that the plaintiffs' failure to pursue an administrative appeal constitutes a failure to exhaust administrative remedies, depriving this Court of subject matter jurisdiction.

The Freedom of Information Act does require that an individual exhaust his administrative remedies prior to filing a

judicial action. *See Hedley v. United States*, 594 F.2d 1043 (5th Cir.1979). The Act specifically provides, however, that administrative remedies will be deemed exhausted if the agency fails to comply with the statutory time limitations for making a determination. 5 U.S.C. § 552(a)(6)(C). The defendant asserts that the plaintiffs do not fall within this exception to actual exhaustion of administrative remedies because each of the plaintiffs' requests was responded to within 10 days of receipt.

■ With respect to time limitations, however, FOIA specifically provides that the agency shall

determine within ten days ... after the receipt of such request whether to comply with such request and shall immediately notify the person making such request of such determination, and the reasons therefor, *and the right of such person to appeal to the head of the agency any adverse determination.*

5 U.S.C. § 552(a)(6)(A) (emphasis added). The failure to inform an individual of the right to appeal constitutes a failure to reach a determination within the statutory time limitations. *Martinez v. FBI*, No. 82–1547, Mem.Op. (D.D.C. December 1, 1982); *Marschner v. Department of State*, 470 F.Supp. 196, 198–99 (D.Conn.1979); *Shermco Industries v. Secretary of the United States Air Force*, 452 F.Supp. 306, 317 (N.D.Tex.1978). The defendant's letters of October 16 and 26 failed to inform the plaintiffs of their right to appeal, (*see* Complaint, Exhibit B; Williamson Declaration, Exhibit B), and there is no record that the plaintiffs were otherwise informed, within 10 days of their request, of their right to appeal. Accordingly, plaintiffs are deemed to have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

■ Nevertheless, because this Court finds that plaintiffs have not requested "records" as that term is employed under FOIA, plaintiffs' claims shall be dismissed for failure to state a claim upon which relief can be granted. Under FOIA an individual may only obtain access to records "written or transcribed to perpetu-

ate knowledge or events." *Di Viao v. Kelley*, 571 F.2d 538, 542–43 (10th Cir.1978) (citing *Nichols v. United States*, 325 F.Supp. 130 (D.Kan.1971), *aff'd* 460 F.2d 671 (10th Cir.1972), *cert. denied*, 409 U.S. 966, 93 S.Ct. 268, 34 L.Ed.2d 232 (1972). Therefore, FOIA neither requires an agency to answer questions disguised as a FOIA request, *Di Viao*, 571 F.2d at 542, or to create documents or opinions in response to an individual's request for information. *See N.L.R.B. v. Sears, Roebuck and Co.*, 421 U.S. 132, 162, 95 S.Ct. 1504, 1522, 44 L.Ed.2d 29 (1975); *Krohn v. DOJ*, 628 F.2d 195, 197–98 (D.C.Cir.1980). Plaintiffs' requests seem to be nothing more than an effort to secure legal research regarding the Internal Revenue Code from the I.R.S. Plaintiffs' assertion that a response from the defendant that the information requested can be obtained in a public library is "unacceptable as I do not have access to any public libraries that are in the english [sic] language in Panama," (Plaintiffs' Memorandum in Response to Order of January 18, 1985) is irrelevant. FOIA creates only a right of access to records, not a right to personal services.

■ Moreover, even assuming that plaintiffs' request could be construed to embrace existing documents, an agency is not required to have "clairvoyant capabilities" to discover the requester's · need. *See Weisberg v. Department of Justice*, 705 F.2d 1344 (D.C.Cir.1983). To trigger the right of access to records under FOIA an individual must reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A). In doing so, the description must be "sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired .documents." H.Rep. 93–876, 93 Cong.2d Sess. 6 (1974); H.Rep. 93–1380, 93 Cong.2d Sess. 7 (1974) U.S.Code Cong. & Admin.News, pp. 6267, 6271. *See also Krohn v. Department of Justice*, 628 F.2d 195, 198 (D.C.Cir.1980) (citing *Irons v. Schuyler*, 465 F.2d 608, 610–11 (D.C.Cir.1972), *cert. denied*, 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972). The October 1984 responses of the

defendant to the plaintiffs' request clearly reveal that employees of that agency could not comprehend the nature of any *records* responsive to the request, as discernible from a general fishing expedition for answers to questions. Accordingly, plaintiffs' action shall be dismissed.

In light of this dismissal, this Court need not address the plethora of motions filed by the plaintiff after the defendant's motion to dismiss, seeking among other things, to declare section 6012 of the Internal Revenue Code unconstitutional and quash the notices of tax deficiency against the plaintiff. Beyond the facially frivolous nature of these motions, they are by no stretch of reason cognizable under FOIA.