**Thomas P. YON, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 86–6928 CIV.**

United States District Court, S.D. Florida.

July 10, 1987.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER

KEHOE, District Judge.

A non-jury trial of this action was held on April 3, 1987. The plaintiff appeared *pro se.* The defendant was represented by Stuart D. Gibson, Tax Division, Department of Justice. Based upon the testimony and exhibits presented at trial, and the record as a whole, pursuant to Fed.R.Civ.P. 52(a), the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. During the period from September 25, 1985 to May 23, 1986, the plaintiff made a total of 51 requests to the defendant pursuant to either the Freedom of Information Act (FOIA), 5 U.S.C. Section 552, or the Privacy Act (PA), 5 U.S.C. Section 552a.

2. The defendant responded timely to all except two of the plaintiff's requests. (Exhibits 102 and 103).

3. As to the two requests to which the defendant did not respond timely, the defendant fully complied with those requests by providing all responsive documents to the plaintiff at trial.

4. As to seventeen of the requests (Exhs. 1, 22, 31, 59, 66, 71, 76, 80, 87, 91, 95, 97, 116, 124, 130, 165 and 177), the defendant informed the plaintiff that the requests did not comply with the FOIA and agency regulations promulgated thereto, or did not comply with the Privacy Act.

5. The defendant has no documents which are responsive to ten requests. (Exhs. 6, 53, 84, 104, 113, 149, 152, 154, 170 and 174).

6. The defendant fully complied with four PA requests (Exhs. 24, 128, 160 and 164) by providing the plaintiff with a "Privacy Act transcript," which informed the plaintiff of all disclosures from all systems of records which are not exempt from the accounting requirements of the PA.

7. The defendant informed the plaintiff that, as to seven PA requests (Exhs. 19, 57, 106, 109, 111, 158 and 162), the systems of

Thomas P. Yon, pro se.

Stuart D. Gibson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

records to which the plaintiff sought either notification and access or an accounting of disclosures, were exempt from those requirements of the PA.

8. The defendant complied fully with one PA request (Exh. 21), by providing the plaintiff with copies of all responsive documents which were in the possession of the office to which plaintiff addressed his request, and by directing the plaintiff to the IRS office where any other records might be maintained.

9. The plaintiff did not perfect two requests under the FOIA (Exhs. 41 and 95), because he did not provide the information which the defendant requested in order to comply with those requests.

10. The plaintiff did not exhaust his administrative appeal rights as to one FOIA request (Exh. 27).

11. The defendant fully complied with two FOIA requests (Exhs. 6 and 15), except that the defendant deleted the Discriminant Function (DIF) scores from two documents.

12. The DIF score represents a method which the defendant uses to select tax returns for examination.

13. A delegate of the Secretary of the Treasury has determined that to release DIF scores to the plaintiff would seriously impair assessment, collection, or enforcement under the internal revenue laws, within the meaning of 26 U.S.C. Section 6103(b)(2). It is the defendant's policy not to release DIF scores because to do so would risk compromising the confidentiality of the methods the defendant uses to select tax returns for examination.

14. The defendant withheld all documents responsive to three FOIA requests (Exhs. 36, 48, and 120), in reliance on specific exemptions under the FOIA. The defendant informed the plaintiff of the exemptions it was relying upon to withhold those documents.

15. All documents which are responsive to one FOIA request (Exh. 141), are copies of documents responsive to another FOIA request (Exh. 132), which seeks all documents pertaining to the plaintiff contained in the defendant's criminal investigation files.

16. In response to the FOIA request Exhibit 132, the defendant provided to the plaintiff 206 pages of documents with no information deleted at the administrative level, and approximately 1,000 pages of documents with no information deleted at trial. At trial the defendant also provided to the plaintiff approximately 12 pages from which the defendant had deleted the plaintiff's DIF scores, and return information pertaining to individuals other than the plaintiff.

17. A delegate of the Secretary of the Treasury has determined that to release to the plaintiff any of the documents sought in Exhibits 36, 48 and 120, and the withheld documents sought in Exhibits 132 and 141 would seriously impair federal tax administration, within the meaning of 26 U.S.C. Section 6103(e)(7).

18. Some of the documents sought in Exhibits 120, 132 and 141 contain the defendant's internal agency deliberations, and some documents contain return information relating to individuals other than the plaintiff.

19. When the plaintiff made the requests which are the subject of this case, he was under investigation by the Criminal Investigation Division of the Internal Revenue Service and his case has now been recommended for prosecution. Release of any of the defendant's criminal investigation files at this time could reasonably be expected to interfere with enforcement proceedings.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action in general, pursuant to 5 U.S.C. Sections 552(a)(4)(B) and 552a(g)(1). While the Court doubts that it has jurisdiction over many of the PA and FOIA requests at issue in this case, it nevertheless exercises that jurisdiction for the purpose of denying the relief sought in the complaint.

2. The plaintiff has not complied with the FOIA and agency regulations promulgated pursuant thereto with respect

to the following 14 requests: Exhibits 1, 31, 59, 66, 71, 76, 80, 87, 91, 97, 116, 124, 165, and 177. Those requests do not describe the documents sought in sufficient detail to enable an IRS employee familiar with the subject matter of the request to search for responsive documents without creating an unreasonable burden on the agency. Moreover, the requests constitute attempts to ask questions of the defendant, they require the defendant to perform legal research, and they require the defendant to assess the evidentiary character of documents. 26 C.F.R. Section 601.702(c)(4). *Hudgins v. IRS,* 620 F. Supp. 19 (D.D.C. 1985) aff'd in unpublished opinion, 808 F.2d 137 (D.C.Cir.1987).

3. The plaintiff's PA requests Exhibits 22 and 130 do not comply with the requirements of the PA. Exhibits 22 is not directed to the proper office of the defendant. Exhibit 130 is not capable of being responded to.

4. The PA system of records sought in Exhibit 57 is properly exempt from the notification and access and accounting for disclosure requirements of the PA, by reason of 5 U.S.C. Section 552a(j)(2).

5. The PA systems of records sought in Exhibits 19, 106, 109, 111, 158, and 162 are properly exempt from the notification and access and accounting for disclosure requirements of the Privacy Act, by reason of 5 U.S.C. Section 552a(k)(2).

6. Section 6103(b)(2), Title 26, United States Code, is a statute described in 5 U.S.C. Section 552(b)(3). *Currie v. IRS,* 704 F.2d 523, 531 (11th Cir.1983); *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Accordingly, the plaintiff's DIF scores are exempt from disclosure to him under the FOIA. The plaintiff's DIF scores are also exempt from disclosure under the FOIA pursuant to 5 U.S.C. Sections 552(b)(2) and 552(b)(7)(E).

7. Section 6103(a), Title 26, United States Code, is a statute described in 5 U.S.C. Section 552(b)(3). *Currie v. IRS, supra; Chamberlain v. Kurtz, supra.* Accordingly, tax return information relating to individuals other than the plaintiff is exempt from disclosure under the FOIA.

8. Documents responsive to FOIA requests contained in Exhibits 120, 132, and 141, to the extent they contain the defendant's internal agency deliberations, as found above, are exempt from disclosure under the FOIA, pursuant to 5 U.S.C. Section 552(b)(5). *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

9. Section 6103(e)(7), Title 26, United States Code, is a statute described in 5 U.S.C. Section 552(b)(3). *Currie, supra; Chamberlain, supra.* Because a delegate of the Secretary of the Treasury has determined that to disclose documents not already disclosed to the plaintiff in response to FOIA requests Exhibits 36, 48, 120, 132, and 141 would seriously impair federal tax administration, those documents are exempt from disclosure under the FOIA. 5 U.S.C. Section 552(b)(3).

10. In view of the evidence produced at trial and because the documents sought in Exhibits 36, 48, 120, 132, and 141 pertain to the defendant's criminal investigation of the plaintiff, which has not yet proceeded to indictment, the release of those documents could reasonably be expected to interfere with those criminal enforcement proceedings, as well as with any civil enforcement proceedings which the defendant might wish to undertake in the future. Accordingly, those documents are exempt from disclosure under the FOIA by reason of 5 U.S.C. Section 552(b)(7)(A).

11. In view of the evidence produced at trial and because of the pending criminal case, it is not necessary for the defendant to provide an index of the documents pertaining to the criminal case in order for the Court to rule on the claimed exemption under 5 U.S.C. Section 552(b)(7)(A). *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). For the same reasons, it is not necessary for the Court to conduct an *in camera* inspection of the documents.

12. The plaintiff has not exhausted his administrative appeal rights, as required by 5 U.S.C. Section 552(a)(6), with respect to Exhibit 27. Even if he had exhausted his remedies, the documents sought in Exhibit 27 would be exempt from disclosure under the FOIA, for the reasons discussed in paragraphs 9–11, supra.

## ORDER

For the reasons set forth above, it is ORDERED:

1. That judgment be entered for the defendant, and that the relief sought in the complaint be denied in its entirety; and

2. That the defendant, as prevailing party, be and hereby is, awarded its costs in defending this action.