Robert E. BIRTH and Lorraine Birth, Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. 4:CV–91–0398.

United States District Court, M.D. Pennsylvania.

Feb. 7, 1992.

Robert E. Birth and Lorraine J. Birth, pro se.

Robert J. DeSousa, Asst. U.S. Atty., Lewisburg, Pa., Gregory D. Stefan, Robert K. Coulter, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S. and federal defendants.

Aaron D. Parnes, Deputy Atty. Gen., Office of Atty. Gen., Com. of Pa., Harrisburg, Pa., for defendants Pennsylvania Dept. of Public Welfare, Pennsylvania Dept. of Transp., John Paletski, Charles Carroll, William Laubach and Robert Snyder.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

On March 25, 1991, plaintiffs Robert E. Birth and Lorraine Birth, his wife, proceeding pro se, commenced this civil action against a myriad of defendants alleging numerous acts committed under color of federal and state law resulting in the deprivation of rights secured by the Constitution of the United States. Although the Births have a long and troubled history with the Internal Revenue Service ("IRS"), at this time, their only remaining tax liability is for income earned in 1984.

In their amended complaint, filed August 5, 1991, the Births allege that the defendants conspired to violate their constitutional and common law rights and statutory law through the collection of federal income taxes. Specifically, the Births claim that the income tax is an excise tax, that they are not engaged in any activity

subject to the income tax, that they are not federal citizens for the purpose of federal taxation and that the IRS did not follow the procedures required by statute in assessing their tax liability and seizing their assets for nonpayment of federal income taxes from 1977 through 1991.

In addition to federal claims asserted under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Racketeer Influenced and Corrupt Organizations Act, the plaintiffs have asserted causes of action based upon the Pennsylvania Constitution and wrongful disclosure. They seek a declaration proclaiming their non-taxpayer status, a permanent injunction against all treasury department employees, a return of all income taxes collected by the United States and punitive damages.

The defendants are too numerous to list. Suffice it to say that they include, in addition to the United States, three Tax Court Judges, the Secretary of the Treasury, three present and former Commissioners of the IRS, four former Chief Counsels of the IRS, three Assistant District Counsels and District Counsels of the IRS, a Regional Counsel of the IRS, two IRS attorneys, five District Directors of the IRS, fourteen other employees of the IRS, three former Assistant Attorney Generals of the United States Department of Justice, Tax Division, seven Department of Justice Tax Division Attorneys, two Pennsylvania state troopers, a manager of the Pennsylvania Department of Transportation and the Comptroller of the Pennsylvania Department of Public Welfare.

On August 7, 1991, following a hearing, this court denied plaintiffs' motion for a temporary restraining order and preliminary injunction to prevent the enforcement of a final notice of intention to levy, dated July 15, 1991, in the amount of $7,572.10, issued with respect to plaintiffs' 1984 federal tax liability. The denial of the motion was based upon the failure to show irreparable harm because the Births indicated that they possessed assets valued at approximately $100,000.00. The Births' ap-peal of this ruling is pending before the Third Circuit Court of Appeals.

On August 19, 1991, the defendant officials of Pennsylvania filed a motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). On October 4, 1991, the federal defendants filed a motion to dismiss or, in the alternative, motion for summary judgment and motion for sanctions. In the meantime, plaintiffs filed a motion for leave to amend and supplement their first amended complaint and for an enlargement of time to complete service of process. By Order dated October 18, 1991, the court deferred ruling on plaintiffs' motions until disposition of the pending motions to dismiss.

## 12(b)(6) STANDARD

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) admits the well pleaded allegations of the complaint, but denies their legal sufficiency. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976). "It is the settled rule that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Leone v. Aetna Cas. & Sur. Co.*, 599 F.2d 566, 567 (3rd Cir.1979), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The complaint must be read in a light most favorable to the plaintiff with every doubt resolved in plaintiff's favor. *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398, 422 (E.D.Pa.1981).

## DISCUSSION

■ The defendants argue that the Births' suit is barred by the Anti–Injunction Act, which prohibits suits to enjoin "the assessment or collection of any tax...." 26 U.S.C. § 7421(a). This prohibition extends to activities which may result in the assessment or collection of taxes. *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir.1982). Contrary to the bulk of the allegations in their amended complaint, the Births argue that they are

not contesting the validity of the assessments, but the failure of the defendants to comply with the assessment procedure. See *Aqua Bar and Lounge v. United States Department of Treasury*, 539 F.2d 935 (3d Cir.1976) (Anti–Injunction Act does not bar tax-payer from bringing action to quiet title to seized property for failure to comply with statutory requirements provided he refrains from contesting the merits of the underlying tax assessment). *Accord Robinson v. United States*, 920 F.2d 1157 (3d Cir.1990).

This court would have jurisdiction over a suit by the Births to quiet title to specific property, as the United States has waived its sovereign immunity for civil actions to quiet title with respect to specific real or personal property against which the United States has a claim or lien. See 28 U.S.C. § 2410. However, the Births fail to identify any specific property to which they desire to quiet title.

Moreover, a federal tax lien arises on the date of assessment and continues until tax liability has been paid. 26 U.S.C. §§ 6321 and 6322. Since the Certificate of Assessment and Payments, attached to plaintiffs' amended complaint, indicates the Births' only remaining tax liability is for income earned in 1984, the United States does not possess liens for any other taxable year. Accordingly, the only relevant year for the purposes of determining whether the defendants failed to comply with the assessment procedure is 1984. The Certificate of Assessment and Payments submitted by the Births indicates that the Notice of Assessment for 1984 federal income taxes was mailed to the Births.

Since no action to quiet title exists, the Births' suit will be dismissed, pursuant to the Anti–Injunction Act, as a suit to enjoin the assessment or collection of tax. It is interesting to note that the Births base their contention that the Notice was not mailed on the fact that the IRS cannot now produce a copy of the Notices of Assessment in accordance with their Freedom of Information Act ("FOIA") request. However, this is inaccurate, for, as the federal defendants have indicated, the IRS cannot routinely produce the computer-generated Notices of Assessments because hard copies are not retained by the IRS. Furthermore, the Births failed to pay the requested processing fee for the FOIA request pertaining to the Notices of Assessment.

## SANCTIONS

The federal defendants have requested that the Births be sanctioned for filing this "patently frivolous" lawsuit. The court agrees. Although the Births attempted to style this action as one to quiet title in order to fit within a limited exception to the Anti–Injunction Act's preclusion of suits to enjoin the assessment or collection of tax, it is clear that the only purpose of this suit was to frustrate the collection of a valid tax assessment.

A review of the pleadings conclusively shows that the Births were contesting the tax itself. In their amended complaint and at the preliminary injunction hearing, the Births asserted that while they are citizens of the Commonwealth of Pennsylvania, they are not federal citizens and, therefore, not subject to federal income taxes. They contend that to be a federal citizen one must 1) live in an area outside any state or commonwealth's jurisdiction, such as the District of Columbia, 2) be an employee of the federal government living on federally owned land, or 3) be an alien resident or naturalized citizen. Moreover, they requested the return of all federal income taxes paid by them for the years 1977 through the present day.

This court agrees with the Court of Appeals for the Seventh Circuit, which stated:

Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. 'Tax protestors' have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is Unconstitutional, [in the instant case, that a citizen of one of the states of the United States of America is not a citizen of the United States of America], and so on. These beliefs all lead—so tax protestors think—to the elimination of their obligation to pay taxes. The

government may not prohibit the holding of these beliefs, but it may penalize people who act on them.

It is an important function of the legal system to induce compliance with rules that a minority firmly believe are misguided. Legal penalties change the balance of self-interest; those who believe taxes are wicked or unauthorized must nonetheless pay. When the legal system depends on honest compliance as much as the income tax system does—and when disobedience is potentially rewarding to those affected by the rule—it is often necessary to impose steep penalties on those who refuse to comply.

*Coleman v. Commissioner*, 791 F.2d 68, 69 (7th Cir.1986).

The Births have continually attempted to utilize the judicial process to prevent the collection of a legal federal income tax. Although they usually present some procedural deficiency based on the labyrinth of federal tax regulations, their true motive is to prevent the collection of validly assessed taxes based on their arcane beliefs that they are not federal citizens and, although they earn money, not involved in any revenue taxable activity.

A strong message is needed to persuade the Births that the defiance of federal tax laws is not in their best interest. Therefore, pursuant to Fed.R.Civ.P. 11, Robert E. Birth and Lorraine Birth are directed to pay the sum of three thousand dollars ($3,000.00) to the United States of America. In addition, although the Commonwealth of Pennsylvania defendants did not request sanctions, the Births shall pay the sum of five hundred dollars ($500.00) to the Commonwealth because they included employees of the Commonwealth among the defendants in this frivolous lawsuit.