Donald E. LAMB and Barbra
J. Lamb, Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
Defendant.

No. 93–CV–10326–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Aug. 31, 1994.

Donald E. Lamb & Barbra J. Lamb, pro se.

Stephen P. Kranz, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, Janet L. Parker, Asst. U.S. Atty., Bay City, MI, for defendant.

## MEMORANDUM OPINION

CHURCHILL, District Judge.

The Internal Revenue Service (IRS) filed a motion for summary judgment in this Freedom of Information Act (FOIA) case. The plaintiffs filed a response in which they also seek summary judgment in their favor. The IRS filed a response to the cross-motion and the plaintiffs replied. Oral argument was heard on August 22, 1994.

The plaintiffs have been involved in a tax dispute with the IRS. In response to notices from the IRS, Donald Lamb filed several FOIA requests. Three requests dated June 7, 1993, were sent to the IRS offices in Cincinnati. Each letter was sent to a different department. Also on June 7, 1993, Lamb sent a letter to the IRS FOIA officer in Washington, D.C. Attached to each of these identical letter requests was a document entitled "Notice To Abate." A subsequent letter request was sent to Cincinnati on August 17, 1993. Although it contained fewer requests than the June 7 letters, the August 17 requests were virtually identical to the earlier requests.

The June 7 letters to Cincinnati were received on June 23, 1993 and responded to on July 15, 1993. The June 7 Washington letter was responded to on September 10, 1993. The August 17 letter to Cincinnati was misplaced and a response did not go out until February 4, 1994.

The IRS officials each responded in a similar fashion. Most of the requests were deemed to be outside of FOIA; i.e., they did not seek "records," but rather sought answers to questions or were requests for legal research. The remaining requests were granted with one exception: Discriminant Function (DIF) scores were redacted from Lamb's Examination Administration File. The IRS relied on 5 U.S.C. §§ 552(b)(3), (b)(7), and 29 U.S.C. § 6103(b)(2) as bases for not releasing this information.

The complaint seeking relief under 5 U.S.C. § 552 was filed October 29, 1993.

## THE COURT'S ANALYSIS

■ Before discussing the merits of the motion and cross-motion, it is necessary to point out that only Donald E. Lamb signed the FOIA requests. Thus he alone is the proper party to this suit. Barbra J. Lamb will be dismissed as a party plaintiff.

## A. FAILURE TO EXHAUST

■ The IRS first claims that Lamb did not exhaust his administrative remedies. The Freedom of Information Act requires that an individual exhaust his administrative remedies prior to filing a judicial action. See *Hedley v. United States*, 594 F.2d 1043 (5th Cir.1979). The Act specifically provides, however, that administrative remedies will be deemed exhausted if the agency fails to comply with the statutory time limitations for making a determination. 5 U.S.C. § 552(a)(6)(C).

The IRS argues here that although it responded late, it still responded before the complaint was filed and, therefore, administrative remedies needed to be exhausted.

This argument is meritless. First, not all the requests were filled before the complaint was filed. One response did not come back until February 1994. Second, the IRS was required not only to send a response within 10 days (which it did not), it was required to inform the requester that he had a right to appeal to the head of the agency. None of the responses contained such a notice. "The failure to inform an individual of the right to appeal constitutes a failure to reach a determination within the statutory time limitations." *Hudgins v. IRS*, 620 F.Supp. 19, 21 (D.D.C.1985) *cert. denied*, 484 U.S. 803, 108 S.Ct. 47, 98 L.Ed.2d 12 (1987), *citing, Martinez v. FBI*, No. 82–1547, Mem.Op. (D.D.C. December 1, 1982). Each IRS letter failed to inform the plaintiff of his right to appeal and there is no record that he was otherwise informed, within 10 days of his request, of his right to appeal. Accordingly, the plaintiff is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C).

## B. THE MERITS

■ The Freedom of Information Act confers jurisdiction on this Court to enjoin an agency from withholding records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). Under this provision, "federal jurisdiction is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150, 100 S.Ct. 960, 968, 63 L.Ed.2d 267 (1980). The agency bears the burden of establishing that the materials sought may be withheld due to an exemption.

The Freedom of Information Act also requires the requester to be specific in its request.

> To trigger the right of access to records under FOIA an individual must reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A). In doing so, the description must be "sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents."

*Hudgins*, 620 F.Supp. at 21 (citations omitted).

The requests made by Lamb fall into one of three categories: those which are (1) out-

side the scope of FOIA, (2) within the scope of FOIA or (3) exempt from disclosure.

### 1. Outside the scope

 A review of the letter requests indicate that the bulk of the requests fall into the first category; i.e., they are outside the scope of FOIA. Under FOIA an individual may only obtain access to records "written or transcribed to perpetuate knowledge or events." *Di Viaio v. Kelley*, 571 F.2d 538, 542–43 (10th Cir.1978) (citing *Nichols v. United States*, 325 F.Supp. 130 (D.Kan.1971), *aff'd* 460 F.2d 671 (10th Cir.1972), *cert. denied*, 409 U.S. 966, 93 S.Ct. 268, 34 L.Ed.2d 232 (1972)). Therefore, FOIA neither requires an agency to answer questions disguised as a FOIA request, *Di Viaio*, 571 F.2d at 542, or to create documents or opinions in response to an individual's request for information. *See N.L.R.B. v. Sears, Roebuck and Co.*, 421 U.S. 132, 162, 95 S.Ct. 1504, 1521, 44 L.Ed.2d 29 (1975); *Krohn v. Dep't. of Justice*, 628 F.2d 195, 197–98 (D.C.Cir. 1980).

The IRS determined that the requests in ¶¶ 1, 2, 3 and 4 could be answered by referring Lamb to the Sixteenth Amendment and the Internal Revenue Code. This was an appropriate response as these are not requests for "records." They are requests for legal research and answers to interrogatories.

Paragraph 10 seeks "documentation pertaining to the OMB number that supersedes the 1040 form." There is no reference to what the OMB number is. This is not a specific request. Paragraph 11 is another nonsense request which the IRS appropriately disregarded as not being within the scope of FOIA.

All but two (¶¶ 13 and 14) of the August 17 requests were considered to be outside the scope of FOIA in that they were requests for legal research, were unspecific or were requests for answers to interrogatories. The Court agrees that IRS's responses in this regard were appropriate. Additionally, it is the Court's opinion that ¶ 14 is not a request for a "record" within the scope of FOIA.

### 2. Within the scope

The IRS furnished responses to the requests in ¶¶ 6, 7, 8, 9, and 12 of the June 7 letters and ¶ 13 of the August 17 letter. Although there was not a specific request for the Examination Administration File, the IRS provided 24 pages of it with the DIF scores deleted. Also a Form 4340 was generated.

### 3. Exempt

 The only thing that the IRS has withheld, it states, are the DIF scores.

DIF scoring is a mathematical technique used to identify tax returns most in need of examination or audit. The IRS closely guards information concerning its DIF scoring methodology because knowledge of the technique would enable an unscrupulous taxpayer to manipulate his return to obtain a lower DIF score and reduce the probability of an audit. Such information is exempt from FOIA disclosure under 5 U.S.C. § 552(b)(3), which says that the FOIA does not apply to matters specifically exempted from disclosure by another statute, and 26 U.S.C. § 6103(b)(2), which exempts from disclosure "standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards."

*Gillin v. IRS*, 980 F.2d 819, 822 (1st Cir. 1992) (citations omitted).

It is the Court's opinion that the IRS properly withheld this information from the records released.

Neither in his response to the IRS's motion for summary judgment nor at oral argument did Lamb argue that the IRS's response was anything but responsive and adequate. The Court finds that his requests were substantially complied with within the scope of FOIA.

 Rather, at oral argument Lamb's argument centered on certain documents to which he felt he was entitled but had not received. These include a Notice of Deficiency, a Notice of Assessment, a Demand for Payment, a Notice of Intent to Levy, and a Notice of Tax Lien.

Of these documents, only the Notice of Assessment was actually requested in the letters to the IRS. The IRS has no obligation to produce the remaining records which were not requested.

In response, counsel for the IRS stated that the agency did not keep hard copies of the computer-generated Notice of Assessment and it therefore could not comply with Lamb's request in this manner. There is authority for the agency's position in *Birth v. United States*, 782 F.Supp. 289, 291 (M.D.Pa.1992). It is the Court's opinion that the IRS is not required to produce a document that it does not have.[1]

## CONCLUSION

Based on the affidavits, the actual responses to the requests and the case law regarding FOIA requests, summary judgment in favor of the IRS is appropriate. An appropriate order will be entered dismissing Barbra J. Lamb as a party plaintiff. The order will grant the IRS's motion for summary judgment. Lamb's motion for summary judgment will be denied.

---

1. Although an actual Notice of Assessment is not kept, the date of assessment as well as the date the notice of assessment was sent is generally contained in the Form 4340, the computer-generated transcripts showing all transactions in a taxpayer's account for a particular year. This form generally contains a notation entitled "First Notice," which documents when notice and demand for payment was sent. *See, Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992). Such certificates are "routinely used" to prove that the assessment and notice procedures were satisfied. *Id.*