Charles A. NURSE, Plaintiff,

v.

**SECRETARY OF THE AIR FORCE, Defendant.**

No. CIV.A. 01–1826(RBW).

United States District Court, District of Columbia.

Nov. 14, 2002.

Charles A. Nurse, Washington, DC, for Plaintiff.

Michael C. Johnson, Assistant United States Attorney, Washington, DC, for Defendant.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court upon the defendant's motion to dismiss the plaintiff's complaint under either Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), and the Privacy Act, 5 U.S.C. § 552a (2000), the plaintiff has made requests to the defendant for a form that he allegedly signed in 1955 when he was a member of the United States Air Force ("Air Force") that is titled "Volu[n]teer for Duty Above and Beyond the Call of Duty" and "all of the records obtain[ed] by this program."[1] Complaint ("Compl.") at 1. For the reasons set forth below, the Court will grant the defendant summary judgment and dismiss the complaint because the plaintiff's request lacks the degree of specificity required under both the FOIA and the Privacy Act.

---

**1.** The Court notes that the plaintiff's original FOIA letter requested a copy of all of his medical records "from June 28, 1955 to [the] present date." Defendant's Motion to Dismiss ("Def.'s Mot."), Exhibit ("Ex.") A, Attachment ("Attach.") 1. The Court further notes that the defendant has already provided a complete response to the request for medical records by referring the plaintiff to the agency that maintains such records. Def.'s Mot., Ex. A, Attach. 2. In that response to the plaintiff's FOIA request, the defendant referred the plaintiff to the National Personnel Records Center ("NPRC") and provided an address for the plaintiff to send his request. *Id.* Apparently the plaintiff contacted the NPRC because he attached a letter to his complaint from the NPRC, which indicated that the plaintiff's medical records were in the possession of the Department of Veterans Affairs ("VA") and the plaintiff was provided with a telephone number and a VA *claim* number. Compl., Attach. 1.

## I. *Factual Background*

The plaintiff, proceeding *pro se*, originally filed a request with the defendant on September 23, 1998, for a copy of a purported agreement between himself, the Air Force and the Central Intelligence Agency ("CIA") titled "Above the Call of Duty" or "Special Duty Other Than Regular Military Duties" or "Volunteer for Duties Other Than Military Duties." Defendant's Motion to Dismiss ("Def.'s Mot.") Exhibit ("Ex.") A, Attachment ("Attach.") 1. The plaintiff further described this form as "a single page with various questions" and he provided examples of some of these questions. *Id.* On October 8, 1998, the defendant responded to the plaintiff's request by informing him that they were "unable to process [his] request with the information [he] provided." Def.'s Mot., Ex. A, Attach. 2. The defendant informed the plaintiff that "[i]n order to process [his] request [they would] need to know the number of the form [he was] requesting and the name of the organization where [he was] assigned" and that it would cease to process the plaintiff's request if no additional information was received by October 23, 1998. *Id.* On October 19, 1998, the plaintiff responded to the defendant's request for additional information, but failed to provide the specific information requested by the defendant.[2] Def.'s Mot., Ex. A, Attach. 3. The plaintiff subsequently filed an appeal on January 13, 1999, with the defendant restating much of the same information contained in his previous two letters. Def.'s Mot., Ex. B. After not receiving the information he requested, the plaintiff filed his complaint with this Court on August 28, 2001. Compl. at 1.

## II. *Standards of Review*

The defendant has sought dismissal of the plaintiff's claims pursuant to either Rules 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. While the Court must undertake an initial examination into whether it has the subject matter jurisdiction under Rule 12(b)(1) to entertain the plaintiff's claims, the Court's consideration of whether the plaintiff's pleading stated a claim upon which relief could be granted under Rule 12(b)(6) has led it to consider matters outside of the pleadings. Federal Rule of Civil Procedure 12(b) states, in part, that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Upon realizing that matters outside of the pleadings should be considered to resolve the defendant's motion, the Court notified the parties and granted them an opportunity to supplement the record with any additional material pertinent to a motion under Rule 56. Subsequently, the plaintiff submitted two responses essentially reiterating his prior allegations and attached copies of his previously submitted FOIA and Privacy Act requests and a copy of the Thirteenth Amendment to the United States Constitution. The defendant filed a response indicating that it did not wish to submit any additional information. Therefore, this Court will examine the plaintiff's

---

**2.** The additional information that the plaintiff did provide was that the form at issue requested "volunteers for other duties outside of [the] military in scientific, justice and investi- gation declaration that ask[s] such questions as have you ever practice[d] homosexualism are you well enough[ ] to serve in the military." Def.'s Mot., Ex. A, Attach. 3.

claims pursuant to Rule 12(b)(1) and Rule 56.

#### (1) *Rule 12(b)(1)*

 Federal Rule of Civil Procedure 12(b)(1) requires that the plaintiff bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. Fed.R.Civ.P. 12(b)(1); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F.Supp.2d 15, 18 (D.D.C.1998); *Darden v. United States*, 18 Cl.Ct. 855, 859 (Cl.Ct.1989). While the Court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the " 'plaintiff's factual allegations in the complaint … will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police*, 185 F.Supp.2d at 13–14 (citation omitted). However, in deciding a Rule 12(b)(1) motion, the Court is not limited to the allegations in the complaint but may consider " 'such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case.' " *Id.* at 14 (citations omitted).

#### (2) *Rule 56*

Summary Judgment is generally appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a summary judgment motion, the Supreme Court has explained that a trial court must look to the substantive law of the claims at issue to determine whether a fact is "material", *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and must treat a "genuine issue" as "one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action", *Sanders v. Veneman*, 211 F.Supp.2d 10, 14 (D.D.C.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

While it is generally understood that when considering a motion for summary judgment a court must "draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true," *Greene v. Amritsar Auto Servs. Co.*, 206 F.Supp.2d 4, 7 (D.D.C.2002) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505), the non-moving party must establish more than "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position", *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. To prevail on a summary judgment motion, the moving party must demonstrate that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The District of Columbia Circuit has stated that the non-moving party may not rely solely on mere conclusory allegations. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir.1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). Thus, "[i]f the evidence is merely colorable, (citation omitted), or is not significantly probative, (citation omitted), summary judgment may

be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

### III. *Legal Analysis*

**(1) *Does this Court have the Subject Matter Jursidiction to entertain the Complaint?***

 At the outset, this Court must make an initial determination whether it has subject matter jurisdiction to entertain the merits of the plaintiff's complaint. *Ex Parte McCardle,* 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). It is well understood that a party must exhaust the available administrative remedies under the FOIA, *Oglesby v. United States Dep't of Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990); *Spannaus v. United States Dep't of Justice,* 824 F.2d 52, 58 (D.C.Cir.1987); *Dettmann v. United States Dep't of Justice,* 802 F.2d 1472, 1476–77 (D.C.Cir.1986), and under the Privacy Act, *Haase v. Sessions,* 893 F.2d 370, 373 (D.C.Cir.1990), before he may seek relief in a federal court. In this case, the defendant initially seeks dismissal under the proposition that the plaintiff did not exhaust his administrative remedies because the plaintiff did not adequately describe the records sought under both the FOIA and the Privacy Act. *See* Def.'s Mot. at 4–6. However, the defendant has failed to cite to any legal authority that stands for the proposition that a failure to particularize a request under the FOIA or the Privacy Act is, itself, akin to a failure to exhaust administrative remedies.

In this case, the Court finds that the plaintiff clearly exhausted his administrative remedies when he filed his FOIA/Privacy Act requests with the defendant, the defendant replied by seeking additional information, the plaintiff responded by reiterating the same requests and sending the defendant copies of his previous requests, and, after hearing nothing further from the defendant, the plaintiff filed an appeal with the "Office of the Secretary of Defense[,] United States Dept. of Air Force[,] Director Freedom of Information and Privacy Act." Compl., Attach. 2–3. While documents attached to the complaint suggest that the plaintiff filed his appeal with the wrong department, the Acting Director for the Department of Defense's ("DOD") Directorate for Freedom of Information and Security Review responded to the plaintiff's appeal and informed him that his office had "referred [the plaintiff's] appeal to the Department of Air Force ... [and that the plaintiff] may expect a direct response from the Air Force." *Id.,* Attach. 7. However, a March 30, 1999 response the plaintiff received from the Department of the Air Force stated that his "[FOIA] request was responded to on October 8, 1998. We also checked with the Air Force Board for Correction of Military Records and they have not received any request from you. Therefore, we can not process your appeal."[3] Def.'s Mot., Ex. A, Attach. 4.

The plaintiff has exhausted his administrative remedies because his actions fully complied with the applicable administrative scheme and the record is devoid of any response by the defendant notifying the plaintiff of his right to appeal a denial of his request. 5 U.S.C. § 552(a)(6)(A)(i) states that an agency shall

> determine within 20 days [excepting weekends and legal holidays] after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the

---

**3.** Apparently, the plaintiff subsequently filed an appeal with the Air Force Board for Correction of Military Records ("AFBCMR") on March 4, 2001. *See* Compl., Attach. 2. The AFBCMR responded by stating that it "does not make decisions on constitutional matters" and returned the plaintiff's appeal to him "without action." *Id.*

reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination ...

While the defendant's October 8, 1998 response notifying the plaintiff of the need for additional information was timely, the response informed the plaintiff that "[i]f no further information is received by October 23, 1998, your request will be closed." Def.'s Mot., Ex. A, Attach. 2. The plaintiff responded in a letter that was received by the defendant on October 19, 1998, which reiterated much of the description of the form he had already described in his original request. Def.'s Mot., Ex. A, Attach. 3. However, the record does not reflect that a subsequent response was forwarded by the defendant notifying the plaintiff that his request was officially being denied.

. ▋ The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines. *Spannaus v. U.S. Department of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987). The defendant's failure to respond to the plaintiff's supplemental submission clearly fails to comply with the applicable time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) and therefore the plaintiff is deemed to have constructively exhausted his administrative remedies. If, however, the agency's October 8th response was considered by the defendant as a denial of the plaintiff's request, its failure to notify the plaintiff at that time of his right to appeal that decision also amounts to constructive exhaustion because the defendant had an obligation to inform the plaintiff of his right to appeal the adverse decision. The FOIA specifically provides that the agency "shall immediately notify the person making such request of [its] determination, and the reasons therefor, and the

right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A). Courts have treated an agency's failure to notify a requestor of his right to appeal a FOIA denial as constructive exhaustion of the requestor's administrative remedies. *See, e.g., Hudgins v. IRS*, 620 F.Supp. 19, 21 (D.D.C.1985) (finding that a "failure to inform an individual of the right to appeal constitutes a failure to reach a determination within the statutory time limitations ... [and thus a] plaintif[ is] deemed to have exhausted [his] administrative remedies ...").

Finally, just as an agency has an obligation under the FOIA to notify a plaintiff of his right to administratively appeal a decision denying a request under § 552(a)(6)(A)(i), so to must the agency notify a plaintiff of his right to seek judicial review of the denial of the administrative appeal under § 552(a)(6)(A)(ii). 5 U.S.C. § 552(a)(6)(A)(ii) states that an agency shall

> make a determination with respect to any appeal within twenty days [excepting weekends and legal holidays] after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination ...

As discussed above, the plaintiff attempted to administratively appeal the non-production of the form. However, none of the three departments that reviewed the plaintiff's appeals ever notified him of his right to seek judicial relief.[4] *See* Def.'s Mot., Ex. A, Attach. 4; Compl., Ex. 2; Compl., Ex. 7. Therefore, because the plaintiff did all that he could do to obtain a final admin-

---

**4.** As mentioned above, the three departments were the Department of Defense's Directorate for Freedom of Information and Security Re-

view, the Department of the Air Force's 11th Wing, and the Air Force Board for Correction of Military Records.

istrative decision on his request, this Court finds that the plaintiff has constructively exhausted his administrative remedies and that the Court has subject matter jurisdiction to entertain the plaintiff's complaint.

**(2)** *Did Plaintiff's Request State a Claim Upon Which Relief Can Be Granted?*

**(a)** *FOIA*

While the Court finds that the plaintiff constructively exhausted his administrative remedies, it concludes that he has failed to state a claim upon which relief can be granted. Under the FOIA, "an agency is obliged to make 'promptly available' records that are 'reasonably describe[d]' in a written request therefor and are not exempt from disclosure." *Kowalczyk v. Department of Justice,* 73 F.3d 386, 388 (D.C.Cir.1996) (citing 5 U.S.C. §§ 552(a)(3)(A), 552(b)). However, the District of Columbia Circuit has explained that this obligation to disclose is triggered by the "linchpin inquiry [of] whether the agency is able to determine precisely what records are being requested." *Yeager v. DEA,* 678 F.2d 315, 326 (D.C.Cir.1982) (quoting S.Rep. No. 854, 93d Cong., 2d Sess. 10 (1974) (other citations omitted)). When Congress enacted the FOIA, it required that the description of the material being sought be "sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents." *Hudgins,* 620 F.Supp. at 21 (quoting H. Rep. 93–876, 93 Cong.2d Sess. 6 (1974)). This Circuit has commented that a "court may rely upon affidavits of agency officials" when reviewing the adequacy of the agency's response to a FOIA request. *Kowalczyk,* 73 F.3d at 389. The *Kowalczyk* Court went on to explain that the agency's duty

> is only to conduct a search reasonably calculated to uncover all relevant documents. The agency is not required to

speculate about potential leads. More specifically, the [agency] is not obliged to look beyond the four corners of the request for leads to the location of responsive documents. Of course, if the requestor discovers leads in the documents he receives from the agency, he may pursue those leads through a second FOIA request.

*Id.* at 390 (internal quotation and citation omitted). A former member of this Court in *Assassination Archives and Research Center, Inc. v. CIA* noted

> that it is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested. The rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors.

720 F.Supp. 217, 219 (D.D.C.1989) (internal quotation and citation omitted).

An examination of the description of the record that the plaintiff seeks reveals that it lacks the degree of "sufficient particularity" to enable agency personnel, familiar with the general subject area, to locate such a document. As mentioned above, the plaintiff's request was for a form that he believes in 1955 was called "Volu[n]teer for Duty Above and Beyond the Call of Duty". Compl. at 1. According to the plaintiff, the purpose of this form was to compile a list of volunteers for duties beyond those duties typically required of military personnel, "such [as the] Mind Control program [for which] they [would] have a list of Volu[n]teer[s] READY." Compl., Attach. 5. Besides the title of the form, the plaintiff merely listed a number of questions that allegedly appeared on this form, namely, "Would you stay with the program until it is complet-

ed? ... Do we have to show anybiody [sic] this form? Do we have to tell anybody about the program? When would you like to get Married? ... Can CONGRESS ma[k]e changes on this form? ..." Compl. 1–3. In addition, the rear of this form purportedly described the process for seeking redress in the courts if any of the applicants' rights were violated. *Id.* at 3.

 This Court finds that the plaintiff's FOIA request clearly did not comply with the FOIA's particularity requirement mandated by 5 U.S.C. § 552(a)(3)(A)(i). As discussed above, Congress' rationale behind this particularity requirement was to ensure that "a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents." *Hudgins,* 620 F.Supp. at 21 (quoting H. Rep. 93–876, 93 Cong.2d Sess. 6 (1974); H. Rep. 93–1380, 93 Cong.2d Sess. 7 (1974) U.S.Code Cong. & Admin. News, pp. 6267–6271). In this case, the Court places great weight on the declaration submitted by the agency's Chief of its Documentation Information & Services Branch of the department responsible for processing the plaintiff's request. Def.'s Mot., Ex. A. It is apparent that the defendant's FOIA personnel were not able to glean from the plaintiff's description any document that contains the information being requested, as the Chief's declaration states "[w]e were unable to determine from Mr. Nurse's FOIA request what form he was looking for, or where it would be located." *Id.* The Court cannot find fault with the defendant's inability to locate such a document, assuming that the

document exists, because the agency is not required to exercise "clairvoyant capabilities" to determine the nature of the plaintiff's request. *See Hudgins,* 620 F.Supp. at 21 (citing *Weisberg v. Department of Justice,* 705 F.2d 1344 (D.C.Cir.1983)). It would be improper to require the defendant to search for such a broadly described request as it would "impose an unreasonable burden upon the agency" to locate a document that may or may not exist. *American Federation of Government Employees, Local 2782 v. Department of Commerce,* 907 F.2d 203, 209 (D.C.Cir.1990) (citing *Goland v. CIA,* 607 F.2d 339, 353 (D.C.Cir.1978)). The Court must therefore grant the defendant summary judgment for the plaintiff's failure to adequately particularize his FOIA request.

**(b) *Privacy Act***

 Similarly, the plaintiff has also failed to state a claim under the Privacy Act upon which relief can be granted. While the defendant initially asserted that it could not process the plaintiff's request because he failed "to identify any 'system of records' maintained by the Air Force relating to his request and ... [thus, the] defendant was unable to discern in what system of records the particular form requested by plaintiff might have been maintained",[5] Def.'s Mot. at 6, it now takes the position that the plaintiff was not required to "name a system of records number", but only asked the plaintiff to provide some additional information to aid in its search.[6] Defendant's Supplemental Brief ("Def.'s Supp.") at 2. The defendant's recent position is consistent with its regulation re-

---

5. A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

6. The defendant's recent position is set forth in its Supplemental Brief which was filed in response to this Court's request for the authority the defendant was initially relying on in support of its position that the plaintiff had to identify a "system of records"

garding Privacy Act requests, 32 C.F.R. § 806b.11, which states that a requestor does "not have to name a system of records number ... [but he] should at least name a type of record or functional area." As discussed above, in response to the plaintiff's initial request, the defendant stated that it was "unable to process [the] request ...[and that it] need[ed] to know the number of the form [he] was requesting and the name of the organization where [he was] assigned." Def.'s Supp. at 3. Furthermore, the defendant attached an "extract from the DOD Regulation 5400.7R [to] give[ him] guidance as to how [he] should describe documents ..." *Id.* In explaining the relationship between the FOIA and the Privacy Act, courts have generally noted that Privacy Act requests must contain a greater degree of particularity. For example, in *Taylor v. United States Treasury Department,* 127 F.3d 470, 474 (5th Cir.1997), the Fifth Circuit noted that the IRS's Privacy Act regulation at issue there, 31 C.F.R. § 1.26(d)(1)(iii), contained "much more specific requirements for describing requested documents" than the regulations promulgated under the FOIA. Thus, while the FOIA requires that a request must "reasonable describe" the records, Privacy Act requests require greater specificity. In this regard, in this case the Privacy Act request "should at least name a type of record or functional area", 32 C.F.R. § 806b.11(a), which plainly requires more specificity than the "reasonable description" requirement of the FOIA. The defendant apparently advised the plaintiff of

this degree of specificity when it informed him in its response to his initial request that "[i]n order to process your request we need to know the number of the form you are requesting and the name of the organization where you were assigned." Def.'s Supp. at 3. The plaintiff has simply requested a form titled "Volu[n]teer for Duty Above and Beyond the Call of Duty" that he allegedly signed in 1955 and "all of the records obtain[ed] by this program." Compl. at 1. Having failed to adequately describe the request pursuant to the FOIA, the plaintiff's claim surely lacks the degree of specificity required under the Privacy Act. The Court must therefore grant the defendant summary judgment for the plaintiff's failure to sufficiently particularize his Privacy Act request.

## IV. *Conclusion*

For the reasons stated above, the Court will dismiss the plaintiff's complaint on summary judgment grounds because the plaintiff failed to submit a request with a sufficient description under both the FOIA and the Privacy Act. However, there is nothing to prevent the plaintiff from "simply refil[ing] his FOIA [and Privacy Act] request[s] tomorrow and restart the process", *see Spannaus,* 824 F.2d at 61 (FOIA), if he is able to provide the degree of specificity necessary for the defendant to locate the documents he is seeking to obtain.[7] In light of this dismissal, the Court finds that it is unnecessary to address the plaintiff's related motions. *See Hudgins,* 620 F.Supp. at 22 ("[b]eyond the

---

7. The defendant has indicated that "it remains willing to work with plaintiff in an attempt to ascertain from him with greater particularity exactly which documents he is seeking from the Air Force." Defendant's Reply at 4. The Court notes, for the plaintiff's benefit, that he may obtain a copy of the Air Force's systems of records, published in AF-DIR 37–144 (Privacy Act Systems of Record),

by writing to the National Technical Information Service, 5285 Port Royal Road, Springfield, Virginia 22161. *See* 32 C.F.R. § 806b.11. The Court also refers the plaintiff to 1 Justin D. Franklin & Robert F. Bouchard, Guidebook to the Freedom of Information and Privacy Acts (2d ed.1997), a publication that may assist the plaintiff if he decides to pursue this matter further.

facially frivolous nature of these motions, they are by no stretch of reasons cognizable under FOIA").[8]

## ORDER

Upon consideration of the defendant's motion to dismiss, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that summary judgment shall be **GRANTED** for the defendant because of the plaintiff's failure to sufficiently particularize his requests; and it is

**FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE.**

---

**8.** These motions include: a Motion to make the form volunteer for duty for and beyond the call of duty illegal; a Motion to retire after 44 years; and a Motion for the Secretary of the Air Force to cancel the form "Volunteer for Duty Above and Beyond the Call of Duty". Furthermore, the Court need not address the plaintiff's motion for summary judgment, as it is granting the defendant summary judgment for the plaintiff's failure to sufficiently particularize his FOIA and Privacy Act requests.