***The district court judgment is affirmed; costs to appellee.***

Michael **RUOTOLO** and Kathleen M. Ruotolo, Plaintiffs–Appellants,

v.

**DEPARTMENT OF JUSTICE, TAX DIVISION,** Defendant–Appellee.

No. 1065, Docket 94–6236.

United States Court of Appeals, Second Circuit.

Argued Nov. 28, 1994.

Decided April 19, 1995.

Michael C. Ruotolo, Guilford, CT, pro se.

Kathleen M. Ruotolo, Guilford, CT, pro se.

Teresa T. Milton, Washington, DC (Christopher F. Droney, U.S. Atty. for the D. of Conn., Loretta C. Argrett, Asst. Atty. Gen., Washington, DC, Gary R. Allen, Jonathan S. Cohen, Tax Div., Dep't of Justice, Washington, DC, of counsel), for appellee.

Before: MINER and LEVAL, Circuit Judges, and SAND,* District Judge.

MINER, Circuit Judge.

Plaintiffs-appellants Michael and Kathleen Ruotolo, husband and wife, ("the Ruotolos") appeal from a summary judgment entered in the United States District Court for the District of Connecticut (Nevas, J.) in favor of defendant-appellee Department of Justice, Tax Division. The judgment was rendered in an action brought by the Ruotolos under the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to gain access to certain records of the Tax Division. Following the denial of the initial request submitted to the Division by the Ruotolos, the parties exchanged additional correspondence. Ultimately, the Division failed to honor the information request, and the lawsuit resulting in the judgment giving rise to this appeal ensued. In granting summary judgment and dismissing the Ruotolos' action, the district

---

* The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

court determined that the document request submitted to the Division did not reasonably describe the records sought and would be unduly burdensome to process.

## BACKGROUND

■ The Ruotolos seek the documents at issue here in aid of a separate FOIA action they are pursuing in the district court in Connecticut. In that case, they seek documents relating to an investigation of their involvement in criminal and civil tax law violations that the Internal Revenue Service apparently has been conducting. Although the district court granted the Government's motion for summary judgment in that case, we reversed for failure to give adequate notice to these pro se litigants of the consequences of their default in answering the motion. *See Ruotolo v. IRS,* 28 F.3d 6 (2d Cir.1994). Accordingly, the earlier FOIA action is still pending in the district court. It appears that the Ruotolos consider the *Vaughn* index provided in that case inadequate and now seek information about indices provided in other cases to demonstrate that this is so. A *Vaughn* index is provided in the course of FOIA litigation by a government agency to correlate specific documents or portions thereof that the agency desires to shield from disclosure with statements of justification for the non-disclosure. *See Vaughn v. Rosen,* 484 F.2d 820, 828 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

The subject of appeal here is a judgment supporting the Tax Division's failure to comply with a letter from the Ruotolos dated October 16, 1993 seeking:

(1) For all FOIA requests from 1978 on that involve requests from taxpayer(s) for records of their audit, examination, and/or investigation . . .

(a) Copies of all *Vaughn* indexes, affidavit[s], declarations, etc., that the government has filed with any United States Court and [are] not sealed.

(b) Copies of all the pertinent parts of any Court Orders of the materials in Section (a), including any decisions related to the detail and sufficiency of this material. . . .

(c) Copies of all pertinent parts of any taxpayers['] [m]otions and [b]riefs filed in any United States Court related to the detail, sufficiency, etc., of the materials in Section (a), whether before or after any decision by the Court, concerning said index([e]s), affidavit(s), declaration(s), etc. (e.g. [m]otions and memorand[a] for *Vaughn* indexes, affidavits, declarations, etc., . . . and all pertinent parts of [s]ummary [j]udgment [m]otions and memorand[a] concerning the detail, sufficiency, etc. of the materials in Section (a) above.)

(2) A complete listing or printout that lists all information, computerized or otherwise, of:

(a) the Department of Justice's filing, categorizing, and/or indexing of the above Sections. . . .

The Ruotolos offered to pay up to $250 for any materials received.

The Tax Division response came in a letter dated October 20, 1993 from J. Brian Ferrel, Assistant Section Chief, Civil Trial Section, Eastern Region. Mr. Ferrel asserted that: the information maintained by the Tax Division pertains mostly to tax litigation, criminal and civil; the information is maintained in files indexed under the names of parties to the litigation; some information is maintained relating to procedures and guidelines pertinent to tax case processing; and "[s]ome of this information is listed periodically in the Federal Register and is available for public inspection in a designated reading room, as required by the Freedom of Information Act." The letter concludes by advising the Ruotolos that the information sought "is not retrievable by means of the Tax Division's indices."

The Ruotolos replied to the letter from Mr. Ferrel in a letter dated November 1, 1993 addressed to Edward J. Snyder, Civil Trial Section Chief. They sought reconsideration of the denial of their request, noted that Mr. Ferrel had not claimed any exemption for the information sought and stated as follows: "The mere fact that your indexes may not have been designed to retrieve the information we desire does not relieve you of your responsibility under the FOIA." The Ruoto-

los cited several cases that they claimed supported their position.

Mr. Ferrel responded on behalf of the Tax Division in a letter dated November 5, 1993. In that letter, the Ruotolos were advised that their request did not reasonably describe the records sought in such a manner as would allow a professional employee of the Tax Division to locate them with a reasonable amount of effort; that the Tax Division has only those *Vaughn* indices that were filed in litigation it handled and therefore does not have all the indices that have been filed in federal courts; and that the Tax Division litigation files, being maintained under the names of individuals and entities involved in litigation, would have to be manually searched for *Vaughn* indices. It was estimated that there would be "hundreds" of files of FOIA litigation from 1978 to the present, and that the fees to be charged would greatly exceed what the Ruotolos offered to pay "and would have to be paid before any documents could be released." The letter suggested that the Ruotolos "restructure [their] request for the purpose of narrowing its scope, and hence, its cost."

The Ruotolos responded in a letter dated November 9, 1993 to Mr. Snyder. Enclosed with the letter was a certified check for $600 payable to the Treasurer of the United States. The Ruotolos wrote: "We hereby now agree to incur costs up to $600.00. Please begin compiling the most current material responsive to our request and work toward 1978." To the extent that the payment transmitted proved insufficient, the Ruotolos sought "an itemized estimate detailing specifically each additional cost beyond $600.00 to complete your compliance with this request." They stated that the "information is urgently needed and is necessary to evaluate the sufficiency of the index/affidavit/declaration issue in the *Ruotolo v. Internal Revenue Service* case." By his letter of reply dated November 18, 1993, Mr. Ferrel of the Tax Division noted that the Ruotolos had "fail[ed] to address the points raised in our November 5, 1993 letter," referred the Ruotolos to that letter "for guidance with respect to submitting a FOIA request which reasonably describes the records sought," and returned the $600 check.

Rather than continuing the correspondence, the Ruotolos commenced their action for injunctive relief in the district court. The Division's motion for summary judgment in the action was predicated upon the government's contention that the request for records did not reasonably describe the records sought and, consequently, that the district court lacked subject matter jurisdiction over the suit. Supporting the motion was a "Declaration" by Pamela J. Martin, who described herself as "a paralegal specialist employed in the Information & Privacy Unit (Civil Trial Section, Eastern Region) of the Tax Division, United States Department of Justice." Ms. Martin said that she read the October 16, 1993 FOIA request of the Ruotolos, recognized that there were no "research tools" that would permit her to locate the records sought, and prepared the Tax Division's October 20, 1993 letter for the signature of Mr. Ferrel, her supervisor. According to Ms. Martin, the Tax Division maintains civil case files by name of litigants and

also collects and maintains in its computerized listings of cases: codes which indicate the primary type of case (*i.e.* refund suit, summons enforcement action, bankruptcy objection to proof of claim; Freedom of Information Act case); the attorney(s) assigned; date of filing; date of closing; amount at issue; relative complexity or importance of the case; etc.

In his Declaration in support of the Division's motion for summary judgment, Mr. Ferrel asserted that the Division handled 803 Freedom of Information Act cases between January 1, 1978 and October 18, 1993. In order to fulfill the Ruotolos' request, according to Ferrel, it would be necessary to order closed cases from the Federal Records Center, a time-consuming procedure that would take one to three weeks per file. Mr. Ferrel claimed "that a request for files of 803 cases would overwhelm the Division's file unit for a not inconsiderable period of time." Each file then would have to be searched for a *Vaughn* index and the cost of the whole process "would far exceed the amount the plaintiffs agreed to pay for costs of their request."

In addition to various submissions in opposition to the Tax Division's motion, the Ruotolos filed a motion under Fed.R.Civ.P. 56(f) to obtain discovery in aid of their opposition to summary judgment. They claimed that telephone calls to the File Unit of the Tax Division revealed that delivery of the closed files was not as time-consuming a procedure as Mr. Ferrel had represented. As to their discovery requests, they sought further information as to the classification of the Division's files, an estimate of how many of the 803 FOIA cases referred to by Mr. Ferrel involved "taxpayer requests for records of their audit, examination, and/or investigation," an estimate of how many of the cases so identified had *Vaughn* indices, the provision of available summaries of the 803 cases and other specified information and documents bearing upon their lawsuit. Although the Tax Division provided them with a printout of FOIA cases filed since 1978, the Ruotolos considered that the responses to their discovery demands were unsatisfactory.

The district court granted the summary judgment motion without reference to the Ruotolos' discovery motion, concluding that

> because the Ruotolos' request did not reasonably describe the records sought and would be unduly burdensome—or in some respects impossible—to process, the Ruotolos have not made a valid request triggering the Agency's FOIA obligations, and the Ruotolos are not entitled to the injunctive relief they seek.

The district court also found itself "satisfied that the Agency made sufficient efforts to assist the Ruotolos in reformulating their request." A motion for reconsideration based on the recent discovery of the existence of summaries of decisions involving the Tax Division and said to belie certain representations regarding the availability of documents made to the Ruotolos, was granted. However, the district court on reconsideration adhered to its previous opinion without further explanation.

## DISCUSSION

I. *Of Administrative Remedies And Their Exhaustion*

As it did in the district court, the Tax Division contends that the district court was lacking in subject matter jurisdiction because the Ruotolos failed to exhaust their administrative remedies. The district court declined to rule on this contention, holding that the defense should have been raised in a motion made pursuant to Fed.R.Civ.P. 12(b)(1). We take the opportunity to state that the contention is meritless in any event.

 If a request for information seeks documents that are not reasonably identifiable, the Tax Division argues, an agency response is not required. If a response is not required, so goes the argument, the requester has in fact failed to exhaust administrative remedies and the court is without jurisdiction to decide the issue. The flaw in this approach is obvious: if a court is to determine that it has no jurisdiction, it must first decide the very question it would be called upon to decide if it had jurisdiction. Whether the information sought is reasonably identifiable is a question that must be resolved on plenary review, and the mere determination by an agency, the Tax Division here, that the material sought cannot be reasonably identified, will not serve to bar that plenary review. *See Hudgins v. IRS,* 620 F.Supp. 19, 21 (D.D.C.1985) (exhaustion and identifiability requirements are distinct), *aff'd,* 808 F.2d 137 (D.C.Cir.), *cert. denied,* 484 U.S. 803, 108 S.Ct. 47, 98 L.Ed.2d 12 (1987). *Truitt v. Dep't of State,* 897 F.2d 540, 543–44 (D.C.Cir.1990), cited by the Tax Division, is not to the contrary. There, the issue addressed was when an agency search is required, and the court was not concerned with exhaustion of remedies or jurisdiction.

 The Ruotolos did not actually exhaust their administrative remedy in this case for another reason, however, but the failure is excused under the circumstances. The denial of requested information must be appealed to the head of an agency, *see Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990), here the Attorney General, *see* 28 C.F.R. § 16.8. The Ruotolos failed to appeal. Nevertheless, administrative remedies are "deemed exhausted" if the agency fails to comply with the "applicable time limit" provisions of the FOIA. 5 U.S.C.

§ 552(a)(6)(C); *see Voinche v. FBI,* 999 F.2d 962, 963 (5th Cir.1993). The time limit provision requires that a determination on a request be made within 10 days *and* that it include a notification of the requester's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i). The Tax Division's response to the Ruotolos did not include notification of the right to appeal and, consequently, there was no timely determination of the request. Accordingly, the Ruotolos are deemed to have exhausted their administrative remedies. *See Oglesby,* 920 F.2d at 67.

## II. *Of Reasonable Description and Undue Burden*

■ The FOIA requires that agency records be made available promptly upon a request that "reasonably describes such records and ... is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3). Nine exemptions from the requirements are provided in the statute. *See id.* § 552(b). Accordingly, to prevail on a summary judgment motion in a FOIA case, an agency must demonstrate "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Nat'l Cable Television Ass'n, Inc. v. FCC,* 479 F.2d 183, 186 (D.C.Cir.1973). We have held that "[i]n order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate." *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994).

The Tax Division does not claim that the *Vaughn* indices requested fall within any exemption provided in the statute. It cannot contend that the documents sought are unidentifiable, for the Ruotolos have identified them with great specificity. The Division can only contend that the description given by the Ruotolos was not sufficient, in light of their own filing systems, to permit retrieval of the information sought without an unduly burdensome search. As to our requirement that the agency demonstrate the adequacy of its search, the Tax Division apparently takes the position that no search at all is necessary where it appears that the search will be unduly burdensome.

■ We have no doubt that there is such a thing as a request that calls for an unreasonably burdensome search. We just do not believe that the Tax Division has yet demonstrated that this is such a case. It is unreasonably burdensome to request information that would require "a page-by-page search through the 84,000 cubic feet of documents in the [CIA] Records Center," *Goland v. CIA,* 607 F.2d 339, 353 (D.C.Cir.1978) (internal quotations omitted), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); a "search through every file in [the IRS'] possession to see if a reference to Scientology appeared," *Church of Scientology v. IRS,* 792 F.2d 146, 151 (D.C.Cir.1986); a search of 3,500,000 files of patents as well as 1,000,000 other files, *Irons v. Schuyler,* 465 F.2d 608, 611–12 (D.C.Cir.), *cert. denied,* 409 U.S. 1076, 93 S.Ct. 682, 34 L.Ed.2d 664 (1972). It is also unreasonably burdensome to require a search of the files of over 5,000 criminal cases upon a general request for data to be gleaned from documents which have not been created. *See Krohn v. Dep't of Justice,* 628 F.2d 195, 198 (D.C.Cir.1980). In contrast, the Ruotolos specifically sought documents related to *Vaughn* indices, and it is clear that there were only 803 files to be searched. Certainly, the Tax Division should not be relieved from all duty to search under the circumstances.

Especially compelling is the fact that the Ruotolos offered the Tax Division a payment of $600 with a request that the Division "begin compiling the most current material responsive to [their] request and work toward 1978." The Tax Division gave no excuse for failing to honor this request. It would have been a simple matter to begin with the most current of the 803 files and work backward in time to secure the specific information requested. When the funds supplied were exhausted, the Division could have stopped searching, furnished the material found and put forth an estimate of the cost of completion of the search. In response to the offer by the Ruotolos in their original re-

quest to pay the sum of $250, Mr. Ferrel of the Tax Division noted that the fees to be charged would greatly exceed the amount then offered and would have to be paid before any documents could be released. No amount was suggested, however, and no assistance was offered.

■ It was, in fact, the duty of the Tax Division to assist the Ruotolos in reformulating their request if it was thought that the request needed to be narrowed. Regulations require that a requester be advised as to additional information required or why the request is insufficient. *See* 28 C.F.R. § 16.3(b). The same regulations require the agency to "extend to the requester an opportunity to confer with Department personnel with the objective of reformulating the request." *Id.* The Tax Division has no right to "resist disclosure because the request fails 'reasonably [to] describe' records unless it has first made a good faith attempt to assist the requester in satisfying that requirement." *Ferri v. Bell,* 645 F.2d 1213, 1221 (3d Cir.1981), *modified on other grounds,* 671 F.2d 769 (3d Cir.1982). We think that the Ruotolos reasonably described the records they sought, but even if they did not, the Division did not comply with the regulations requiring it to assist the Ruotolos. Indeed, the Tax Division merely directed them to "restructure" their request in order to "narrow[ ] its scope and hence, its cost."

The Tax Division makes much of the burden imposed in ordering files from the Federal Records Center. Aside from the fact that the Ruotolos claim to have determined, in a single telephone call to the Records Center, that the production of closed files is not as time consuming as represented by the Tax Division, there is a statutory provision that deals with the problem. According to 5 U.S.C. § 552(a)(6)(B)(i), the Tax Division has the authority to extend the time for processing a request when there is a "need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." An extension of time to obtain records from another location is one thing. A refusal to make some effort to obtain them is quite another.

With respect to the Ruotolos' request for a listing of "the Department of Justice's filing, categorizing, and/or indexing" of the *Vaughn* index material requested, there appears to be a discrepancy between the information furnished by Ferrel in his correspondence with the Ruotolos and that furnished by Martin in connection with the summary judgment motion. In his letter of October 20, 1993, Mr. Ferrel advised that the files were indexed under the names of parties, that the Tax Division maintained "some information" relating to tax case processing procedures and that the Federal Register and the "designated reading room" were available as sources of information. Ms. Martin indicates that much more information was available in regard to "filing, categorizing and/or indexing." She stated that there were computerized lists of cases that included case codes categorizing: the types of cases; names of attorneys; filing dates; closing dates; amounts at issue; relative complexity, "etc." What is available under "etc." is not apparent. What is apparent is that the Tax Division could have provided a great deal more filing information than it did.

We think that there are at least triable issues of fact under the FOIA as to whether the Tax Division improperly denied the Ruotolos' request for information. The Ruotolos certainly have made a strong showing at this point that they have given a reasonable description of the records they seek. The legislative history of the FOIA defines a reasonable description of records as one that enables "a professional employee of the agency who [is] familiar with the subject area of the request to locate the record with a reasonable amount of effort." H.R.Rep. No. 93–876, 93rd Cong., 2d Sess. 6 (1974), 1974 U.S.C.C.A.N. 6271; *see Goland,* 607 F.2d at 353 n. 88. We think that there is strong evidence that the Ruotolos provided a "reasonable description" within that definition. They also have provided evidence that the search for *Vaughn* indices was not especially burdensome in light of the limited number of files and the amount of the payment they tendered. Moreover, it seems clear that the Ruotolos were not furnished with a full listing of the Tax Division's systems for filing

and categorization. To add to it all, the Tax Division made no effort to assist the Ruotolos in narrowing or re-formulating their search requests. Under these circumstances, summary judgment in favor of the Tax Division was not warranted.

### III. Of Rule 56(f) and Opposition to Summary Judgment

The Ruotolos clearly have justified their opposition to the motion for summary judgment. It is only where a party opposing summary judgment "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," that the court may grant a continuance for further discovery. Fed.R.Civ.P. 56(f). Nevertheless, we think that the better course would have been for the district court to grant the adjournment sought by the Ruotolos for further discovery in aid of their opposition to the summary judgment motion.

 To oppose summary judgment under Rule 56(f), a party must file an affidavit explaining "(1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful." *Sage Realty Corp. v. Insurance Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir.1994). The Ruotolos filed the necessary affidavit and met their evidentiary burden. They have listed a number of documents which they have been unable to obtain and which would shed light upon the burden which the search supposedly would place upon the Tax Division. They requested information through discovery of how many of the 803 FOIA cases involved "taxpayer requests for records of their audit, examination, and/or investigation," as well as an estimate of how many of the cases so identified had *Vaughn* indices. The Tax Division has based its refusal to respond to the request at issue in this case on the basis of the burden which the requisite search would impose. Information that could shed light on the scope of that burden clearly is material to this case. Further discovery should have been afforded to the Ruotolos.

### CONCLUSION

For the foregoing reasons, the summary judgment granted by the district court is reversed, and the case is remanded to the district court for further proceedings in accordance herewith.