Environamics Corp. v. Trimatek, Inc.  CV-96-273-SD  10/31/96
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Environamics Corporation

     v.                                              Civil No. 96-273-SD

Trimatek, Inc.


**O R D E R**


This order addresses the issues raised by certain pending motions.


1.  Background

This is a declaratory judgment action, 28 U.S.C. § 2201, et seq.  Document 1.  Plaintiff Environamics Corporation seeks to nullify a purchasing order for the production of 3,000 pump bearing frames.  Id.  Plaintiff elected to serve the defendant, Trimatek, Inc., a New York corporation, by substituted service on the New Hampshire secretary of state.[1]

--------

[1]Some confusion appears on the face of the pleadings.  The sheriff's return of service describes that service was made on the New Hampshire secretary of state pursuant to New Hampshire Revised Statutes Annotated (RSA) 510:4.  The affidavit of compliance sets forth that the copy of the complaint was mailed to the defendant pursuant to RSA 293-A:15.10.
It is established law that RSA 293-A:15.10, and not RSA 510:4, is the proper statute for service on foreign corporations.

Defendant's answer was due for filing in this court on August 4, 1996.[2]  On August 5, 1996, plaintiff mailed to this court its motion for default judgment.  Document 3.

On August 6, 1996, defendant's New York attorney mailed defendant's answer and counterclaim.  At this juncture, the local counsel requirements of Local Rule 83.2(b)[3] had not been met. Attorney DeHond, defendant's New York counsel, contended that he had been unable to retain local counsel within the fiscal restraints of his client's budget.

By order of September 5, 1996, the court granted the defendant to September 19, 1996, to retain local counsel. Document 7.  On the latter date, Attorney Warren C. Nighswander, a member of the bar of this court, entered an appearance as local counsel for the defendant.[4]

---

McClary v. Erie Engine & Mfg. Co., 856 F. Supp. 52, 54-55 (D.N.H. 1994).  However, the result herein reached renders unnecessary further inquiry into the validity of substituted service.

[2]Defendant correctly points out that as August 4, 1996, was a Sunday, the actual date for filing would have been August 5, 1996.  Rule 6(a), Fed. R. Civ. P.

[3]Local Rule 83.2(b) governs pro hac vice admissions of attorneys who are not members of the bar of this court.  It requires such attorneys to be admitted on motion made by a member of the bar of this court who is actively associated with them and remains so associated throughout the course of the litigation.

[4]Attorney Nighswander also filed a motion for the pro hac vice admission of Attorney DeHond.  Document 9.  As said motion fully

Noting the pendency of the motion for default, the court, on September 30, 1996, issued an order directing the defendant to comply with the requirements of Rule 6(b)(2), Fed. R. Civ. P.[5] Defendant subsequently filed its motion for leave to file late answer (document 11), together with a motion for leave to amend its answer and counterclaim (document 12). Plaintiff has filed its objection to each of these motions (document 13).

## 2. Discussion

This case is one where the tardiness of the pleadings complained of is measured in days, not weeks or months, and, despite conclusory statements set forth in plaintiff's brief, no prejudice is apparent, as there have been no pretrial settings, discovery deadlines, or other of the sometimes irksome appendages of judicial proceedings. The focus of the case is on the meaning of "excusable neglect" in Rule 6(b)(2), Fed. R. Civ. P.

In support of its position, defendant has supplied the court with affidavits of its principal, John H. Schwartz, and of

---

complies with all requirements of Local Rule 83.2(b), it is herewith granted.

[5]Rule 6(b)(2), Fed. R. Civ. P., permits the court to enlarge time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."

3

Attorney DeHond.  Fairly read, these allege that defendant is a small, closely held corporation; its principal is unsophisticated in legal methods; he is often required to travel extensively in pursuit of his business; and he lacks knowledge as to legal procedure.  Accordingly, when Mr. Schwartz received the pleadings herein, he set them aside until on or about July 29, when he mentioned them to Attorney DeHond, who immediately told him to transmit a copy for his review.  Subsequently, after Schwartz returned from a business trip, he discussed the matters with DeHond and authorized him to do what was necessary to protect defendant's interests.

DeHond initially attempted to obtain local counsel, but found that their requests for retainer and hourly rates were beyond the budget of his client.  Accordingly, he drafted and mailed the answer and counterclaim on his own instance.  It was subsequent to his filing of these documents that he was able to locate and retain Attorney Nighswander as counsel in this court.

Plaintiff claims that the outline of the actions of Schwartz and DeHond set forth in these affidavits comprises no more than negligence and does not equate with excusable neglect.  The court finds that this argument, together with the authority upon which

4

it relies, is incorrect.[6]

In <u>Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380 (1993), the Supreme Court recently established a flexible analysis of excusable neglect. Holding that an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect under Bankruptcy Rule 9006(b)(1), the court interpreted the plain meaning of that phrase to include the exceptions of "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388.

In clarifying the meaning of excusable neglect, as it was used in the bankruptcy rule before it, the Supreme Court reviewed its meaning in the context of non-bankruptcy rules that allow for late filings. <u>Id.</u> at 391-94 & 392 n.9 (discussing Federal Rules of Civil Procedure 6(b), 13(f), and 60(b)(1), (6), together with Federal Rule of Criminal Procedure 45(b)).

The <u>Pioneer Investment</u> court went on to point out that the determination of what is "excusable" is

    at bottom an equitable one, taking account of all

_____

[6]In fairness to plaintiff's counsel, and for reasons unclear to the court, the procedural treatise which counsel relied upon does not mention or discuss the 1993 Supreme Court case upon which the court herewith grounds its decision. However, a competing federal procedural treatise does so. <u>See</u> 2 *Moore's Federal Practice* ¶ 6.08, at 6-84, -84.1.

> relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395 (footnote omitted, citation omitted).

Viewed in the light of the foregoing factors, it is clear, as the court finds, that there is no danger of prejudice here to the plaintiff, the length of the delay and its potential impact on judicial proceedings is minimal, and that the reason for the delay, including whether it was within the reasonable control of the movant, is clearly excusable. Additionally, there is no doubt but that movant here acted in good faith.

Since the Supreme Court has rendered its decision in the Pioneer Investment case, other courts have followed suit, adopting its approach to cases concerning the late filing of appeals, Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 454 (1st Cir. 1995), and in cases concerning Rule 6(b), Fed. R. Civ. P., Kyle v. Campbell Soup Co., 28 F.3d 928 (9th Cir.), cert. denied, 115 S. Ct. 185 (1994).

Accordingly, the court herewith finds that the circumstances of this case equate with "excusable neglect" pursuant to Rule 6(b)(2), Fed. R. Civ. P., and herewith grants defendant's motion for leave to file late answer. Document 11.

6

Turning to the motion for leave to file an amended answer and counterclaim (document 12), Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires." Finding that justice herewith requires such, the motion for leave to file the amended answer and counterclaim is herewith granted. Document 12.

From what has heretofore been written, it follows that the plaintiff's motion for default must be and it is herewith denied. Document 3.

3. Conclusion

For the reasons hereinabove outlined, the court has granted defendant's motion for leave to file late answer (document 11), and the motion for leave to file an amended answer and counterclaim (document 12). The court has denied the plaintiff's motion for default (document 3).

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 31, 1996

cc: All Counsel

7