Charles ROBERT VII, also known as Snowflake 5391, Plaintiff–Appellant,

v.

DEPARTMENT OF JUSTICE, Defendant–Appellee.

No. 05–1773–CV.

United States Court of Appeals, Second Circuit.

April 11, 2006.

Charles Robert, Long Beach, N.Y., for Appellant, pro se.

Kathleen A. Mahoney, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Charles Robert ("Robert") appeals from a March 1, 2005 order of the district court that granted the motion of Defendant–Appellant, the United States Department of Justice ("DOJ"), to dismiss, for lack of subject matter jurisdiction, Robert's claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Robert had requested information under FOIA from two subunits of the DOJ. From the Executive Office for United States Attorneys ("EOUSA"), Robert sought documents relating to the DOJ's decision to defend a certain policy of the Social Security Administration and the Department of Health and Human Services. From the Office of Intelligence Policy and Review ("OIPR"), he sought the release of affidavits allegedly relied on by the Foreign Intelligence Surveillance Court to authorize wiretaps of his telephones. He brought this action under 5 U.S.C. § 552(a)(4)(B) to contest EOUSA's and OIPR's failure to produce the requested information.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

■ With respect to the FOIA request to EOUSA, the district court concluded that Robert had failed to exhaust adminis-trative remedies. FOIA provides that request denials may be appealed to the heads of agencies, 5 U.S.C. § 552(a)(6)(A)(i), and requesters are required to exhaust this administrative remedy before turning to litigation—although they may be deemed to have exhausted constructively if the agency fails to make a timely response to the initial request. *See Ruotolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 8 (2d Cir.1995); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (providing that agencies shall respond to FOIA requests within twenty working days). Because Robert did not take the administrative appeal from EOUSA's timely denial before filing suit, we agree with the district court that he failed to exhaust administrative remedies.

■ OIPR, on the other hand, declined to furnish the requested documents, or even to indicate whether affidavits for wiretaps on Robert existed, on the grounds that such information fell within FOIA Exemption 1, for information classified pursuant to an Executive Order. *See* 5 U.S.C. § 552(b)(1). For the reasons given by the district court, we agree that Exemption 1 permits OIPR to refuse to disclose whether it has any documents pertaining to Robert, and to refuse to turn over any such documents that it may, in fact, possess. We are not certain, however, that the district court was correct to characterize this as a jurisdictional issue. In support of its view, the district court relies on language from two Supreme Court cases indicating that courts' "jurisdiction to devise remedies" for FOIA violations depends on a showing that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S.Ct. 2841, 106 L.Ed.2d 112 (1989); *Kissinger v. Report-*

ers Comm. for Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). As the Supreme Court more recently advised, however, it is unreasonable to read such language as making all the elements of a cause of action jurisdictional. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89–90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

■ But to decide this case, we need make no determination as to any jurisdictional question.[1] Treating the government's motion as one for summary judgment (as, in effect, the district court and the parties did), we find that Robert's claim is without merit.[2] Assuming *arguendo* that the district court did have jurisdiction, we therefore affirm the district court's judgment.

We have considered all of Robert's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. *See Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000) (assuming jurisdiction *arguendo* and reaching a merits question where the jurisdictional issue was statutory, not constitutional, in nature, and the prevailing party would be the same whether or not jurisdiction was found).

2. In *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir.1999), we noted that a district

court ordinarily has the duty to apprise *pro se* litigants of the consequences of failing to make an adequate response to a motion for summary judgment. *Vital* is not implicated where, as here, it is clear from the record that the litigant understands the nature of the motion brought by the other party and the consequences of not adequately responding to it.