Joseph John **SHERIDAN**, Appellant,

v.

**DEPARTMENT OF THE NAVY**, Office of Judge Advocate General, U.S. Marine Corps, Headquarters, National Personnel Records Center, Director, Military Personnel Records, Department of Veterans Affairs, Secretary of Veterans Affairs, Defendants–Appellees.

No. 00–6199.

United States Court of Appeals, Second Circuit.

May 10, 2001.

Joseph John Sheridan, pro se.

Kevin P. Mulry, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, and Deborah B. Zwany, Assistant United States Attorney, of counsel, Brooklyn, NY, for appellee.

Present FEINBERG, NEWMAN and SACK, Circuit Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Joseph John Sheridan, a former U.S. Marine, brought this action to compel several government agencies to comply with his requests, filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents related to his military service. The defendant agencies claim to have conducted thorough searches of the appropriate files and turned over to Sheridan all responsive documents in their possession. The documents sent to Sheridan included medical histories and other documents but, at least until recently, did not include a copy of his Official Military Personnel File.

 We review the district court's grant of summary judgment in a FOIA case *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Halpern v. Fed. Bureau of Investigation*, 181 F.3d 279, 288–89 (2d Cir.1999). Summary judgment is warranted where the defending agencies can show that their search for the requested records was "adequate." *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir.), *cert. denied*, 513 U.S. 823, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The agency may sustain its burden by submitting affidavits or declarations "indicating that the agency has conducted a thorough search and giv-ing reasonably detailed explanations why any withheld documents fall within an exemption." *Id.*

 We conclude that the record amply supports the district court's conclusion that the defendants conducted an adequate search and turned over all relevant documents in their possession. Sheridan filed requests with the U.S. Marine Corps, the Secretary of Veterans Affairs, and the New York Regional Office of the Department of Veterans Affairs. Affidavits and declarations from employees of those agencies or the subdivisions responsible for responding to FOIA requests reveal that each defendant agency either conducted a sufficiently detailed search of their records and sent all responsive documents in their possession to Sheridan, or forwarded the requests to the appropriate agency, which, in turn, fulfilled its obligations under FOIA. We accord the affidavits and declarations a "presumption of good faith," *Carney*, 19 F.3d at 812 (citations and internal quotation marks omitted), and that presumption "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991) (citations and internal quotation marks omitted).

Sheridan's primary complaint is apparently that none of the defendant agencies could locate a copy of his Official Military Personnel File. He has offered no concrete reason to believe the agencies deliberately withheld that file or to doubt the statements in the defendants' affidavits that their searches would have uncovered any copies of the file in their possession.

 Sheridan argues, apparently for the first time on appeal, that the agencies should have located and retrieved a copy of his personnel record that was in the

**58**

possession of the New York County District Attorney's Office in connection with a criminal prosecution of Sheridan. Sheridan's FOIA requests apparently made no mention of this copy, and the defendants were "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C.Cir.1996). Nonetheless, at oral argument of this appeal, we requested that counsel for defendants determine the status of those documents and relay any relevant information to the court. By letter dated April 26, 2001, the United States Attorney's office informed us that the Department of the Navy has requested and received copies of the documents and forwarded them to Sheridan pursuant to the FOIA. Sheridan is entitled to no further relief with respect to these documents.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.