**ACCURACY IN MEDIA, INC., Appellant,**

v.

**OFFICE OF THE INDEPENDENT COUNSEL, Appellee.**

No. 02–5066.

United States Court of Appeals, District of Columbia Circuit.

April 22, 2003.

Before EDWARDS, RANDOLPH and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia, the briefs of the parties, and the oral arguments of counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(b). It is

ORDERED and ADJUDGED that the district court's order be affirmed substantially for the reasons stated in its oral ruling on the parties' cross motions for summary judgment. Appellant has provided no reason to doubt the district court's conclusion, upon examination of photographs and other disputed documents *in camera,* that the materials are consistent with suicide and do not indicate that government officials have tampered with evidence or otherwise engaged in a cover-up. Thus, Appellant has once again

failed to demonstrate "compelling evidence that the agency denying the [Freedom of Information Act] request is engaged in illegal activity, and [that] access to the [materials] is necessary in order to confirm or refute that evidence.'" *Accuracy in Media, Inc. v. Nat'l Park Serv.,* 194 F.3d 120, 124 (D.C.Cir.1999) (citation omitted). We also reject Appellant's argument that two items implicate only *de minimis* privacy interests under FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), since the autopsy photograph of the hand and a written description of the body involve the same privacy interests at issue in *National Park Service.* 194 F.3d at 123.

Appellant also failed when challenged by the Office of Independent Counsel to carry its "burden of showing that there is a permanent public record of the exact portions" of grand jury testimony that is otherwise protected under FOIA Exemption 3, *Davis v. United States Dep't of Justice,* 968 F.2d 1276, 1280 (D.C.Cir.1992), and provides no reason to question the district court's determination, based on *in camera* review, that redacted portions of two investigatory reports reveal information about the grand jury's investigation, *Washington Post Co. v. United States Dep't of Justice,* 863 F.2d 96, 100 (D.C.Cir. 1988). Finally, the government's responses to Requests 35, 55, and 124 were reasonable based on initial descriptions provided by Appellant, *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 388–89 (D.C.Cir. 1996), and the district court did not abuse its discretion in denying Appellant's last-minute renewal of requests for discovery.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.