

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# Stuler v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2251

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stuler v. IRS" (2007). *2007 Decisions.* Paper 1614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2251

LARRY L. STULER

v.

INTERNAL REVENUE SERVICE

Larry Stuler,
                    Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-cv-1717
(Honorable Arthur J. Schwab)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed:  February 15, 2007)

OPINION

PER CURIAM.

    Larry Stuler appeals pro se from an order of the United States District Court for

the Western District of Pennsylvania, granting the Internal Revenue Service's motion for

summary judgment in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the following reasons, we will affirm.

On March 21, 2005, Stuler submitted a FOIA request to the IRS seeking copies of various records from the years 1990 through 1993. Specifically, he asked for records: 1) citing the partnership of which he was considered a partner; 2) listing the "breakdown within the Capital construction fund . . . of the taxpayer . . . by dollar amount for the capital account, the capital gain account, and the ordinary income account as defined within 26 C.F.R. Sec. 3.0 (e)"; 3) listing the dollar amount for the capital of self-employment income he derived as a partnership; and 4) listing "all the 'agreement vessels' which were subject to the agreement established pursuant to 26 C.F.R. § 3.0."

On April 8, the IRS responded that Stuler's request was improper under FOIA and that he appeared to be challenging the income tax system. It directed Stuler to a website which addresses several anti-tax arguments, and stated that for any question concerning his correspondence, he could contact the IRS's Senior Disclosure Specialist, Anne Jensen. Stuler filed an administrative appeal to the Office of Disclosure, which on May 12, 2005, affirmed the agency's initial determination.

On December 14, Stuler filed in the District Court a petition for release of records, challenging the IRS's failure to disclose documents and records in response to his FOIA request. In response, the IRS conducted a search but found no responsive documents or records. The IRS then moved for summary judgment and submitted Anne Jensen's

2

declaration in support of its motion. On March 31, 2006, the District Court granted

summary judgment in favor of IRS. Stuler filed a timely appeal.[1]

FOIA imposes upon each agency a duty to make records "promptly available" that

are "reasonably describe[d]" in a written request "made in accordance with published

rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C.

§ 552(a)(3)(A). Under the IRS's regulations, a proper FOIA request "must describe the

records in reasonably sufficient detail to enable the IRS employees who are familiar with

the subject matter of the request to locate the records without placing an unreasonable

burden upon the IRS." 26 C.F.R. § 601.702(c)(5)(i); see § 601.702(c)(4)(D). A request

reasonably describes records if "the agency is able to determine precisely what records

are being requested." Kowalczyk v. Dep't of Justice, 73 F.3d 386, 387 (D.C. Cir. 1996)

(quoting Yeager v. DEA, 678 F.2d 315, 326 (D.C. Cir. 1982)). The agency is not

required to create responsive records or answer questions posed as FOIA requests. See

Yeager, 678 F.2d at 321; Zemansky v. United States EPA, 767 F.2d 569, 574 (9th Cir.

1985).

Here, Stuler's request did not comply with the above requirements as it did not

sufficiently describe the records sought. In her declaration in support of summary

judgment, Jensen stated that none of Stuler's requests was clear in articulating the

documents sought and that each would require the IRS to perform substantial research.

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

3

Jensen also stated that she had nonetheless attempted to locate records based on Stuler's requests and was unable to locate any responsive documents. In opposing the IRS's motion for summary judgment, Stuler offered no evidence undermining Jensen's declaration. Because Stuler failed to offer any evidence demonstrating compliance with the requirement to reasonably describe the records he requested, the IRS was not required under FOIA to conduct any search and properly refused his request.

For the reasons given, we conclude that the District Court properly granted summary judgment in favor of the IRS. Accordingly, we will affirm its judgment.